UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

CHARLES GUSTIN, INDIVIDUALLY
AND ON BEHALF OF ALL OTHERS
SIMILARLY SITUATED;

    *Plaintiff*,                                **Case No. 5:24-CV-00757-JKP**

v.

MAXEY ENERGY COMPANY, MAX-
E-STORES, INC., MAX-E-
ENTERPRISES, INC., MAX-CASH
EXPRESS STORES, INC.,

    *Defendants*.

## <u>MEMORANDUM OPINION AND ORDER</u>

Because Plaintiff Charles Gustin's ("Gustin") Amended Complaint does not clearly demonstrate the existence of subject matter jurisdiction, the Court ordered Gustin to show cause, by May 27, 2025, why the Court should not dismiss his Amended Complaint *sua sponte*. *ECF No. 28*. Gustin failed to do so. As a result, the Court warned Gustin it will dismiss Gustin's Amended Complaint June 3, 2025, unless Gustin demonstrates good cause for failing to file a response. *ECF No. 29*. At 11:14 p.m. June 3, 2025, Gustin submitted a filing styled "Plaintiff's Response to Show Cause Order (Doc. 28)." *ECF No. 30*. This case is now **DISMISSED WITHOUT PREJUDICE**.

## LEGAL STANDARD

Before reaching the merits of a case, federal courts are obliged to ensure they have subject matter jurisdiction to hear the matter. *See Smith v. Texas Children's Hosp.*, 172 F.3d 923, 925 (5th Cir. 1999) (courts must examine the basis for the exercise of federal subject matter

jurisdiction). Further, a court must raise the issue *sua sponte* if it discovers that it lacks subject matter jurisdiction. *Giles v. NYLCare Health Plans, Inc.*, 172 F.3d 332, 336 (5th Cir. 1999).

"A case is properly dismissed for lack of subject matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the case." *Hooks v. Landmark Indus., Inc.*, 797 F.3d 309, 312 (5th Cir. 2015) (citations omitted). The party seeking to assert jurisdiction bears the burden of proving its existence. *Stiftung v. Plains Mktg., L.P.*, 603 F.3d 295, 297 (5th Cir. 2010). Because federal courts are courts of limited jurisdiction, a suit is presumed to lie outside this limited jurisdiction unless the party invoking federal jurisdiction establishes other-wise. *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001).

## ANALYSIS

As discussed in the Court's Show Cause Order, (*ECF No. 28*), neither Gustin's Com-plaint nor Amended Complaint address the Court's jurisdiction. *See ECF Nos. 1, 12*. Gustin's Civil Cover Sheet, however, lists the basis of jurisdiction as "Diversity." *See ECF No. 2*. Gustin marked Section III of the Civil Cover Sheet in the following manner:

*Id.* As such, Gustin failed to address the citizenship of Defendants Maxey Energy Company, Max-E-Stores Inc., Max-E-Enterprises Inc., and Max-Cash Express Stores Inc.'s (collectively, "Defendants") in Section III. *Id.*

In Section IV of the Civil Cover Sheet Gustin cites "28 U.S.C. § 1332(d)" as the U.S. Civil Statute under which he is filing. *Id.* The Class Action Fairness Act ("CAFA") grants federal district courts subject-matter jurisdiction. *See* 28 U.S.C. § 1332(d)(2). Under CAFA a district court has "original jurisdiction to hear interstate class actions where: (1) the proposed class contains more than 100 members; (2) minimal diversity exists between the parties (i.e., at least one plaintiff and one defendant are from different states); (3) the amount in controversy exceeds $5,000,000; and (4) the primary defendants are not states, state officials, or other governmental entities." *Hollinger v. Home State Mut. Ins. Co.*, 654 F.3d 564, 569 (5th Cir. 2011) (per curiam) (citing 28 U.S.C. § 1332(d)(2), (5)). Therefore, even a class action requires minimum diversity between the parties. *See* 28 U.S.C. § 1332(d)(2). The Fifth Circuit has clarified this means the named class members must be diverse from the opposing parties. *McLaughlin v. Mississippi Power Co.*, 376 F.3d 344, 355 (5th Cir. 2004).

In Gustin's Amended Complaint, Gustin reports the following:

18. Plaintiff is a Citizen of **Uvalde, Texas** and intends to remain there throughout this litigation. He is an employee of Maxey Energy Company, where Defendants acquired his PII.

19. Defendant Maxey Energy Company is a gasoline wholesaler, located at 447 W Main St, **Uvalde, TX** 78801, that sells gasoline affecting interstate commerce. Its registered agent is W. Merlin Maxey, located at 447 W Main St, **Uvalde, TX** 78801.

20. Defendant Max-E-Stores, Inc. operates gas stations, located at 447 W Main St, **Uvalde, TX** 78801, that sells gasoline and other goods affecting interstate commerce. Its registered agent is W. Merlin Maxey, located at 447 W Main St, **Uvalde, TX** 78801.

21. Defendant Max-E-Enterprises, Inc. operates fast food restaurants, located at P.O. Box 1463 **Uvalde, TX** 78802-1463, affecting interstate commerce. Its registered agent is Terry M. Maxey, located at 9127 Blockade Dr. **San Antonio, TX** 78240.

22. Defendant Max-Cash Express Stores, Inc. provides short-term and title loans, located at PO Box 1463 **Uvalde, TX** 78802-1463. Its registered agent is Terry Maxey, located at 447 W Main St, **Uvalde, TX** 78801.

*ECF No. 12 at 5–6*. Thus, Gustin's Amended Complaint indicates complete diversity between the named parties is lacking. Gustin and Defendants appear to all be Texas citizens, defeating even the minimal diversity requirement under the expanded jurisdiction provided for federal courts in CAFA. 28 U.S.C. § 1332(d)(2); *see Turner v. GoAuto Ins. Co.*, 33 F.4th 214, 216 (5th Cir. 2022). In addition, Gustin does not allege or contemplate the putative class includes any potential plaintiff not residing in Texas. *Wightman v. Louisiana Health Services and Indem. Co.*, No. CV 23-760-SDD-SDJ, 2025 WL 944744 (M.D. La. Mar. 10, 2025), *R. & R. adopted*, No. CV 23-760-SDD-SDJ, 2025 WL 942384 (M.D. La. Mar. 27, 2025) (finding "formerly residing" language sufficient). Therefore, even though Plaintiffs have not yet moved for Rule 23 certification,[1] the Court holds that Plaintiffs have not met the requirements of CAFA.

Without addressing CAFA's requirement of minimal diversity, in Gustin's Response to Show Cause Order, Gustin states a calendaring error prevented filing a response by the Court's deadline and requests the Court allow jurisdictional discovery. *ECF No. 30*. Specifically, Gustin states "Plaintiff mistakenly calendared the due date at May 28th, 2025 on their calendar." *Id. at 1*. Taking Gustin's statement as true, this excuse fails to explain why counsel filed its Response to Show Cause Order at 11:14 p.m. June 3, 2025, which is after Gustin's self-imposed deadline. Therefore, Gustin fails to meet his burden in this regard.

Regarding jurisdictional discovery, from the outset, a plaintiff who suggests the need to conduct jurisdictional discovery is generally admitting either that he or she failed to plead suffi-

---

[1] "Either plaintiff or defendant may move for a determination of whether the action may be certified under Rule 23(c)(1). However, the court has an independent obligation to decide whether an action brought on a class basis is to be so maintained even if neither of the parties moves for a ruling under subdivision (c)(1)." 7AA Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1785 (3d ed.) (footnote omitted); *see also McGowan v. Faulkner Concrete Pipe Co.*, 659 F.2d 554, 559 (5th Cir. 1981) (citation omitted).

cient jurisdictional facts or that he or she lacked a basis for making such allegations in the complaint or petition. The Fifth Circuit has instructed:

> To merit jurisdictional discovery, [a plaintiff] must show that it is "likely to produce the facts needed to withstand" dismissal. *Davila v. United States*, 713 F.3d 248, 264 (5th Cir. 2013) (cleaned up). He [or she] must make clear which "specific facts" he [or she] expects discovery to find. *Bell Helicopter Textron, Inc. v. Am. Eurocopter, LLC*, 729 F. Supp. 2d 789, 797 (N.D. Tex. 2010). We will not authorize "a jurisdictional fishing expedition" based on a plaintiff's general averments that more discovery will prove our jurisdiction. *Id*. at 798.

*Johnson v. TheHuffingtonPost.com, Inc.*, 21 F.4th 314, 326 (5th Cir. 2021). Gustin has not alleged specific facts that discovery will prove. *See ECF No. 30*. Instead, Gustin states—regarding the data breach—"Defendants have reported the number of affected Texans is at least 5,000" and "Plaintiff requests the opportunity to conduct jurisdictional discovery into the class member composition and residency prior to the Court dismissing the action for lack of jurisdiction." *Id. at 3*. With this statement, Gustin implies any additional plaintiffs would be from Texas. This would also fail CAFA's minimal diversity requirement and is indicative of a "fishing expedition." Accordingly, Gustin also fails to meet his burden in this regard.

Therefore, based on the current record, the Court is constrained to find that it lacks subject matter jurisdiction to maintain this action. In the absence of any apparent basis for subject matter jurisdiction, dismissal is required pursuant to Federal Rule of Civil Procedure 12(h)(3).

## CONCLUSION

Accordingly, based on the foregoing it is **ORDERED** Gustin's Amended Complaint be **DISMISSED WITH PREJUDICE.** *See* Fed. R. Civ. P. 12(h)(3). All motions pending before the Court, including Defendants' Motion to Dismiss Plaintiff's First Amended Complaint pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6), (*ECF No. 14*), are **DENIED AS MOOT**.

The Clerk of the Court is **DIRECTED** to terminate this case.

It is so ORDERED.
SIGNED this 4th day of June, 2025.

_____
JASON  PULLIAM
UNITED STATES DISTRICT JUDGE